<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| TEKEEMA TOCCARA MARTIN, | : | |
| | : | Civil Action No. 19-17070 (MAS) (ZNQ) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| LAQUANTA HOLLOWAY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**SHIPP, District Judge**</u>

Plaintiff Tekeema Toccara Martin, a pretrial detainee currently detained at Ancora Psychiatric Hospital, has filed a Fourth Amended Complaint asserting claims under 42 U.S.C. § 1983. (Fourth Am. Compl., ECF No. 37.) The Court will now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Fourth Amended Complaint is dismissed with prejudice.

**I.      BACKGROUND**

In August 2019, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No 1.) Prior to the Court's screening of her complaint, Plaintiff filed multiple submissions with the Court titled "Statement of Claims," as well as several various motions. (Correspondence, ECF Nos. 7, 9; Mots., ECF Nos. 15, 17, 18, 19, 20.) On March 5, 2020, the Court issued an order construing Plaintiff's various submissions and motions as attempts to assert new claims. (Order,

Mar. 5, 2020, ECF No. 21.)  The Court informed Plaintiff that neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permitted her to submit numerous addenda to her complaint in a piece meal fashion.  (*Id.* at 1); *see also* Local Rule 15.1(a).  As a result, the Court instructed Plaintiff to submit a single, all-inclusive amended complaint within 30 days.  (Order, Mar. 5, 2020, ECF No. 21 at 2.)  The order also stated that if Plaintiff failed to submit such an amended complaint, the Court would treat her initial complaint as the operative document.  (*Id.*)  Since that time, Plaintiff has filed four amended complaints and 23 motions.  (First Am. Compl., ECF No. 24; Second Am. Compl., ECF No. 26; Third Am. Compl., ECF No. 29; Fourth Am. Compl., ECF No. 37; Mots., ECF Nos. 22, 25, 28, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50.)  The Court treats Plaintiff's most recently filed amended complaint, her Fourth Amended Complaint, as the operative pleading.

Plaintiff's Fourth Amended Complaint names three Defendants: Laquanta Holloway, Sam Epps, and Leroy Martin.  (Fourth Am. Compl. 4–5[1].)  Each Defendant is either Plaintiff's family member or friend who Plaintiff alleges has ignored her or refused her requests for help.  (*Id.*)

Laquanta Holloway is Plaintiff's "best friend."  (*Id.* at 4.)  Plaintiff alleges that Ms. Holloway has refused to answer Plaintiff's phone calls, refused to provide Plaintiff with the address for the United States Supreme Court, as well as the "Florida and Georgia Appellate Court[s]," and ignored Plaintiff's request for Ms. Holloway to "bond [her] out of New Jersey." (*Id.*)  Plaintiff contends Ms. Holloway knows that the State of New Jersey and Ancora Psychiatric Hospital are "lying" and falsely charging Plaintiff with the attempted murder of Jeffrey Norris, but that Ms. Holloway continues to ignore her.  (*Id.* at 7.)

---

[1] Page numbers refer to those that appear on the ECF header.

Sam Epps is Plaintiff's "close friend." (*Id.* at 4.) Plaintiff states Mr. Epps knows that "the State of New Jersey" is violating Plaintiff's rights by taking her "hostage," and "assault[ing,]" "rap[ing,]" and "drug[ging]" her. (*Id.* at 4.) Plaintiff also alleges Mr. Epps is aware that she was falsely accused of attempted murder. (*Id.* at 7.) Still, Plaintiff states Mr. Epps has repeatedly ignored her phone calls. (*Id.*)

Finally, Plaintiff contends that her father, Leroy Martin, has been "negligent" and has failed to answer her phone calls. (*Id.* at 5.) Mr. Martin allegedly knows that "the State of New Jersey" is keeping Plaintiff hostage, informing her she must "go to prison for crimes [she] didn't commit," and trying to make her "be obese or gain weight." (*Id.* at 5.) Yet, Mr. Martin has repeatedly ignored Plaintiff's efforts to contact him. (*Id.*)

The relief Plaintiff requests is her immediate release from custody and the prosecution of "the State of New Jersey and all involved in drugging [Plaintiff], writing orders or decisions that injured [her] in the State of New Jersey [and at] Ancora Psychiatric Hospital." (*Id.* at 7.) She also seeks to have the State of New Jersey and Ancora Psychiatric Hospital held liable for the physical and financial damages they have caused her. (*Id.* at 8.)

## II.   <u>LEGAL STANDARD</u>

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from suit. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x

120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of her Fourth Amended Complaint.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555). To survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  A plaintiff must be able to establish that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.* at 676.  Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    <u>ANALYSIS</u>

The Court considers Plaintiff's claims as brought pursuant to 42 U.S.C. § 1983.  Section 1983 provides in relevant part:

> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . , subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

To recover under this provision, a plaintiff must demonstrate two elements. First, a plaintiff "must establish that the defendant acted under color of state law," and second, a plaintiff must show they were deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Importantly, "[t]he color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citing *Versarge v. Twp. of Clinton*, 984 F.2d 1359, 1363 (3d Cir. 1993)).

### A.   Laquanta Holloway, Sam Epps, and Leroy Martin

Plaintiff has failed to state a claim against Laquanta Holloway, Sam Epps, or Leroy Martin because she has not shown that they acted under color of state law. Section 1983's "color of state law" requirement means that the defendant must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Akins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). This requirement thereby excludes "'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982)). Here, each Defendant is a private citizen and Plaintiff has provided no facts to suggest that any Defendant was clothed with the authority of state law. *See Cook v. Indovina*, 351 F. App'x 721, 723 (3d Cir. 2009) (per curiam) ("Cook's complaint concerns conduct by private individuals, and therefore does not state a cognizable [§ 1983] claim.") Thus, none of these individuals can be said to have acted under "color of state law" as required by § 1983. *Malleus*, 641 F.3d at 563. As a result, the claims against these Defendants are dismissed with prejudice.

### B.     State of New Jersey and Ancora Psychiatric Hospital

Plaintiff does not name the State of New Jersey or Ancora Psychiatric Hospital as a defendant.  Yet in her request for relief, she seeks to hold them liable for any physical or financial damages they have caused her.  Thus, to the extent the State of New Jersey and Ancora Psychiatric Hospital may be construed as defendants, they are immune from suit under § 1983.  Section 1983 imposes liability only upon "persons" who deprive others of "any rights, privileges, or immunities secured by the Constitution."  *Mawson v. Ct. of Common Pleas of Luzerne Cty., PA*, 229 F. App'x 185, 186 (3d Cir. 2007) (citing 42 U.S.C. § 1983).  Neither states nor government entities that are considered arms of the state are "persons" for purposes of § 1983 liability.  *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); *see also Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").  Ancora Psychiatric Hospital has been held to be such an arm of the State of New Jersey.  *See Bullock v. Ancora Psychiatric Hosp.*, No. 10-1412, 2012 WL 12897881, at *7 (D.N.J. Dec. 20, 2012)*; Brown ex rel. Payton v. Ancora Psychiatric Hosp.,* No. 11-7159, 2012 WL 4857570, at *1 (D.N.J. Oct. 11, 2012); *Brown v. Ancora Psychiatric Hosp.*, No. 06-3458, 2006 WL 3827328, at *2–3 (D.N.J. Dec. 22, 2006); *State of New Jersey Dep't of Env't Prot. v. Gloucester Env't Mgmt. Serv., Inc.*, 923 F. Supp. 651, 660 (D.N.J. 1995).  Accordingly, any claims against the State of New Jersey or Ancora Psychiatric Hospital are dismissed with prejudice because they are immune from suit.

### C.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Here, any attempt to amend the complaint would be futile because none of the Defendants are amenable to suit under § 1983.  Accordingly, the Court will deny Plaintiff leave to file a fifth amended complaint.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Fourth Amended Complaint (ECF No. 37) is dismissed with prejudice.  Leave to amend is denied.  Additionally, Plaintiff's 23 motions (ECF Nos. 22, 25, 28, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50) are terminated in light of the dismissal of her Fourth Amended Complaint.  An appropriate Order follows.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE