# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEKEEMA TOCCARA MARTIN, | |
| Plaintiff, | Civil Action No. 19-17070 (MAS) |
| v. | **MEMORANDUM ORDER** |
| DONALD SUTTON, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on a number of motions (ECF Nos. 53-59) filed by *pro se* Plaintiff Tekeema Toccara Martin following the dismissal of Plaintiff's most recent amended complaint with prejudice in October 2020. (*See* ECF Nos. 51-52.) In these motions, Plaintiff asserts that she is seeking "leave to appeal" various "decisions" made both by previously named Defendants in this matter and various other individuals with whom she interacts either in her personal life, as part of her involuntary detention in the Ancora Psychiatric Hospital, or in the courts. (ECF Nos. 54-59.)

This is not the first time Plaintiff sought to file such motions – she has previously filed similar documents on numerous occasions which this Court has previously construed as improper attempts by Plaintiff to amend or supplement her complaint through the filing of piecemeal addenda. (*See* ECF Nos. 51-52.) Having reviewed Plaintiff's new motions, this Court finds that they are likewise in fact attempts at amending Petitioner's previous complaints through improper piecemeal addenda which are improper for three reasons – a civil plaintiff may not proceed through the filing of piecemeal addenda in place of formal motions to amend including a proposed amended complaint, *see Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *6 (D.N.J. Nov. 3, 2017)

("neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit numerous addenda to his Complaint in . . . piecemeal fashion"), these motions are in violation of this Court's prior order denying Plaintiff leave to file any further amendments (ECF No. 52) and its Order requiring that Plaintiff only seek to amend through filing a "single all-inclusive" complaint (ECF No. 21), and there is no currently active complaint to amend in light of the dismissal of Plaintiff's operative amended complaint *with prejudice* in October 2020. (*See* ECF No. 52.) Plaintiff's new motions (ECF Nos. 53-59) are therefore denied as improper attempts to amend a complaint which has been dismissed with prejudice.

Throughout the course of the litigation of this matter, Plaintiff has shown a general unwillingness to follow the rules of Court and this Court's proscriptions and a strong propensity for vexatious litigation tactics in the filing of her many, many improper addenda disguised as motions. (*See* ECF Nos. 15-20, 22, 25, 28, 30-36, 38-50, 54-59). As Plaintiff has continued with this activity even after being advised multiple times that it is improper, as Plaintiff's actions make it clear that she does not intend to attempt to conform her practices to the rules of court, and because the operative complaint in this matter has been dismissed with prejudice, this Court finds that it may well be appropriate to enjoin Plaintiff from filing any further documents in this matter. As the Third Circuit has explained,

> Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. *See Chipps v. U.S. Dist. Ct. for Middle Dist. Of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). We have recognized that a filing injunction is an extreme measure that must be "narrowly tailored and sparingly used." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). Consequently, a District Court must comply with certain requirements when imposing a filing injunction: (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the

2

> judicial process by filing meritless and repetitive actions; (2) the District Court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

*Parker v. Admin. N.J. State Prison*, 795 F. App'x 862, 862-63 (3d Cir. 2020).

As Plaintiff has clearly engaged in vexatious litigation tactics in this matter in the form of her repeated addenda "motions," this Court finds that there are exigent circumstances which favor the imposition of a filing injunction. This Court therefore orders Plaintiff to show cause within thirty days why she should not be enjoined from filing any further motions, addenda, or amended complaints in this matter.[1] Failure by Plaintiff to respond to this Order shall result in the imposition of a filing injunction barring her from further filings in this case.

**IT IS THEREFORE**, on this 14th day of February, 2022, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter.

2. Plaintiff's motions (ECF Nos. 53-59) are **DENIED**.

3. Plaintiff shall show cause within thirty (30) days of the date of this Order why she should not be enjoined from any further filings in this matter, failure to respond to this Order will result in the imposition of such a filing injunction.

4. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail, and shall **CLOSE** the file.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of tailoring any injunction to the particular circumstances of this case, any injunction imposed in this matter shall be confined to the filing of further motions, complaints, or addenda in this particular case which has already been dismissed with prejudice, and which is therefore no longer subject to meritorious continued litigation. Nothing in this order or any resulting injunction shall bar Plaintiff from filing a new action by filing a new and separate complaint accompanied by the appropriate filing fees under a new docket number.